**William M. MEADOWS, on behalf of Michael D. Meadows, Plaintiff,**

v.

**Elliot L. RICHARDSON, Secretary of Health, Education and Welfare, Defendant.**

**Civ. A. No. 68–32–BK.**

United States District Court,
S. D. West Virginia,
Beckley Division.

April 9, 1972.

E. Carl Meadows, Jr., C. Berkley Lilly, Beckley, W. Va., for plaintiff.

John A. Field, III, U. S. Atty., Charleston, W. Va., for defendant.

## MEMORANDUM OPINION

KNAPP, District Judge.

This is an action under § 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g), for review of a final decision of the Secretary of Health, Education and Welfare. The final decision in this case was rendered on July 12, 1968, by the Appeals Council, which reversed the decision of a hearing examiner and held that Michael D. Meadows was not the "child" of the insured, William M. Meadows, within the meaning of the Social Security Act at the time required by law and, therefore, was not entitled to child's insurance benefits under the Social Security Act on the account of the insured. The issue involved here is whether or not there is substantial evidence to support the final decision of the Secretary. The case is now pending on motions for summary judgment made by both parties.

The pertinent facts in the case at issue are summarized briefly as follows: The child, Michael D. Meadows, was born on January 1, 1958, to Rosa Lee Meadows, the then unmarried daughter of the disabled claimant and wage earner and his wife, Oma Meadows. The child Michael Meadows and his natural mother lived with the claimant and his wife who paid all the hospital and doctor bills for the child and his natural mother. The child Michael has lived continuously with the claimant and his wife from the time he was three days old to the present. Rosa Lee Meadows, the natural mother of the child, continued to live with her parents, the claimant and his wife, for approximately nine months, at which time she left their home, married a Mr. Thomas Shumate (who Rosa Lee said was the natural father of the child) and lived with Mr. Shumate's parents. The claimant and his wife have paid all the necessary costs of living for the child since birth to the present time and have exercised parental control over the child at all times since birth. As early as late 1958 and on several occasions over the years (about six according to witnesses), the question of adopting the child was discussed by both the claimant and his wife with their daughter who would laugh and ignore their inquiries. The natural mother of the child testified that she never intended to claim the child but did not give formal consent to adoption sooner because she thought she had to be twenty-one years of age before she could do so. She further testified that had she known the law she would have agreed to the adoption of her child by her parents if proper legal papers had been presented to her to sign. She testified the claimant and his wife had paid for all expenses to raise the child since the day of its birth and that she and her husband had several children and never intended at any time to claim the child, Michael, from her parents.

The Social Security Act provides that a child who otherwise qualifies may receive child's benefits on the account of an insured individual who is entitled to disability benefits if the child is found to be the child of the insured within the meaning of the Act, § 202(d) of the Social Security Act, 42 U.S.C.A. § 402(d). For purposes of § 202(d), a child is defined to be the "child or legally adopted child of an individual." § 216(e) of the Act, 42 U.S.C.A. § 416(e). Therefore, Michael is precluded from qualifying as the legally adopted child of William

Meadows under § 202(d) (8) (D) because he was not legally adopted within 24 months after William Meadows became entitled to benefits as required.

■ The remaining issue for decision is whether Michael, although not qualified as a legally adopted child, may nonetheless qualify as a child of William Meadows by virtue of the concept of "equitable adoption." The Secretary has taken the position that in a case in which all the essential elements for such a finding exist, a child may qualify for child's benefits under the theory of equitable adoption. Although there are no West Virginia state court decisions directly in point, this Court has adopted that theory where the requisites of an equitable adoption have been established. Slaughter v. Gardner, 292 F.Supp. 568 (S.D.W.Va.1968); Graham v. Gardner, CA No. 2376 (S.D.W.Va., February, 1968); Davis v. Celebrezze, 239 F.Supp. 608 (S.D.W.Va.1965). The most essential requisite for a finding of "equitable adoption" is the presence of a written or oral agreement showing the intention of the parties to adopt. That agreement must be proven by clear, strong and satisfactory evidence. The agreement may be shown not only by testimony, but also by the acts, conduct and admissions of the parties. Graham v. Gardner, *supra.* Judge Christie in the case of Davis v. Celebrezze, supra, opined that the ingredients required to establish equitable adoption are (1) some written or oral agreement showing the intentions of the parties to adopt, extended in a later case to include the acts and conduct of the parties, Slaughter v. Gardner, *supra*, and (2) that such contract must be proven by clear, strong and satisfactory evidence and supported by a consideration. The Judge then indicated this may be established by considering the detriment to the parties in surrendering the child, or the change in the domestic status of the child, or the benefits in love and affection and services accruing to the adopting parties.

■ It has been held by this Court that the 24-month time period prescribed in § 202(d) (8) of the Act, which is applicable to the establishment of legal adoptions, applies to cases of equitable adoptions as well. Graham v. Gardner, *supra.* The Secretary takes the position that Michael does not qualify as the "equitably adopted" child of William Meadows because there was no agreement to adopt within the two year period prescribed by the Act.

After an exhaustive review of the record in this case, and for the reasons set forth herein, this Court finds that the decision of the Secretary lacks substantial evidence to support it. The child Michael Meadows has lived with William M. Meadows and his wife all his life, claimant has paid all bills of the child and the medical expenses of the mother; also, the natural mother of the child testified she never intended to claim the child but did not give formal consent sooner because she thought she had to be twenty-one years of age before she could do so.

It is my opinion that the acts, conduct and admissions of the parties involved show that equitable adoption of Michael M. Meadows by William D. Meadows did take place within the statutory two year period as required by § 202(d) (8) of the Social Security Act.

Accordingly, the defendant's motion for summary judgment is denied and the plaintiff's motion for summary judgment is granted. Counsel may prepare and present for entry an appropriate order incorporating this opinion by reference therein.